# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| COLUMBIA EQUITIES, LTD. )<br>a/k/a COLUMBIA HOME LOANS, INC., )<br>)<br>        **Plaintiff,** )<br>        v. )<br>)<br>LILLIE SEDAHL-WATTS, )<br>)<br>        **Defendant.** )<br>_____) | Civil Action No. 2010-0095 |

**Attorneys:**
**Flavia E. Logie, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff Columbia Home Loans, Inc.*

**Johanna Harrington, Esq.,**
St. Thomas, U.S.V.I.
    *For Nationstar Mortgage, LLC*

**Semaj I. Johnson, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

THIS MATTER comes before the Court on a "Motion to Dismiss for Lack of Subject Matter Jurisdiction" (Dkt. No. 40), filed by Defendant Lillie Sedahl-Watts ("Watts") following a status conference held in this debt and foreclosure matter on July 18, 2017. At the status conference, the Court discussed with counsel for Watts and Nationstar Mortgage, LLC[1] certain issues—including the question of subject matter jurisdiction—that had to be addressed before three recent motions filed by Watts could be adjudicated. For the reasons that follow, the Court will grant Watts' Motion to Dismiss.

---

[1] Nationstar Mortgage, LLC appeared, through counsel, as successor-in-interest to Plaintiff Columbia Home Loans, Inc.

## I. PROCEDURAL HISTORY

In September 2010, Columbia Home Loans, Inc. ("Columbia") filed a Complaint in this matter. (Dkt. No. 1). While the Complaint alleged that Watts executed and delivered to Columbia a promissory note in the amount of $75,500.00 in May 2005, along with a mortgage securing the property located on St. Croix, U.S. Virgin Islands (*id.*, ¶¶ 2, 3), it did not specify the citizenship of either the Plaintiff or Defendant. The Complaint further alleged that in June 2009, Columbia accelerated the indebtedness evidenced by the Note and secured by the Mortgage, and that the total balance at the time was $74,466.67 with interest accruing at $12.9453 per diem. (*Id*. ¶ 4). As of November 28, 2009, $74,466.67 in principal plus $191.94 in interest was allegedly due and owing. (*Id.* ¶ 6). Columbia sought judgment, *inter alia*, whereby the property would be sold at a foreclosure sale, and proceeds of the sale would be applied in payment of the sums due Columbia under the Note. (*Id*. at 2, 3).

Counsel for Watts filed a Notice of Appearance (Dkt. No. 5), followed by a Motion for an Extension of Time to File an Answer (Dkt. No. 6), which the Court granted in October 2010. (Dkt. No. 7). In November 2010, Columbia filed a Motion to Stay the proceedings for sixty days because it was in the process of working out a payment plan with Watts. (Dkt. No. 8). The Court granted the Motion to Stay. (Dkt. No. 9).

On March 4, 2011, Columbia filed a Motion to Dismiss which provided that the parties had "amicably entered into a payment agreement and the Defendant is making efforts to comply." (Dkt. No. 12). On the same day, the Court entered an "Order Dismissing Case without Prejudice" pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Dkt. No. 13).

On February 4, 2012—eleven months after the dismissal had been entered—Columbia filed a "Stipulated Judgment of Foreclosure" signed by Watts and Columbia's attorney. (Dkt. No. 14). The Stipulation provided, *inter alia*, that

> judgment shall be, and the same is hereby granted in favor of COLUMBIA and against Defendant on the mortgage dated May 11, 2005 in the aggregate principal amount of Sixty-eight Thousand Two Hundred ninety-four and 08/100 ($68,294.08). As of the date of this Stipulation, Defendant's total outstanding payment is $19,143.00 plus attorney's fees in the amount of $500.00. Per diem is $12.63[.]

(*Id.*). The Stipulation also set forth a payment plan under which Watts would pay $1,000 on the date of execution of the Stipulation; $1,000 per month for the next six months; then $1,500 per month until the past due amount was brought current (estimated to be September 2013); then her regular monthly payment of $998.00 until the loan was paid in full. (*Id.*). The Stipulation provided that if Watts failed to make those payments, she would be in default and the Stipulation would be recorded against the property. It further provided that Watts waived her right to object to the sale of the property and her statutory right of redemption in the property. (*Id.*). The Court, per Judge Raymond Finch, signed the Stipulation on June 17, 2013. (Dkt. No. 16).

A writ of execution issued on December 27, 2013 for the principal balance of $68,294.08; an unspecified amount of $290.49; costs and fees of $500.00; interest through June 17, 2013 of $19,143.00; post-judgment interest at $12.63 per diem to December 19, 2013 of $2,336.55; for a total amount of $90,564.12. (Dkt. No. 18). On April 24, 2014, a Notice of Marshal's Sale was filed, indicating that a Marshal's Sale of the property would be held, although the date of the Marshal Sale was not indicated. (Dkt. No. 19).

Nothing appeared on the docket for almost three years, until Johanna Harrington, Esq. filed a Notice of Appearance on behalf of Nationstar Mortgage, LLC ("Nationstar") on April 4, 2017. (Dkt. No. 20). On May 18, 2017, Semaj Johnson, Esq. filed a Notice of Appearance on behalf of

3

Watts and a Motion to Quash Writ of Execution (Dkt. No. 22), followed on May 23, 2017 with an "Emergency Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4)-(5), and/or to Make Additional Findings Pursuant to Fed. R. Civ. P. 52(b)" (Dkt. No. 25), and an "Emergency Motion to Stay Writ of Execution, Attachment and Marshal's Sale" (Dkt. No. 26). Nationstar filed Oppositions to the three motions (Dkt. Nos. 24, 28, 32). One of the arguments raised by Watts was that she was entitled to relief from the Stipulation, Writ, and Attachment, and that the Marshal's Sale must be set aside because the case was dismissed in March 2011. (Dkt. No. 25).

The Court then set a status conference to discuss the outstanding and ostensibly time-sensitive matters in this action.

At the status conference, the Court discussed, *inter alia*, its concerns about whether it had jurisdiction over this dismissed case, and the effect of the documents that had been filed after the dismissal. Counsel for Nationstar, Attorney Harrington, raised another jurisdictional question: when the Complaint was filed in 2010, the amount in controversy was $74,466.67, exclusive of interest, which was below the $75,000.00 required for diversity jurisdiction under 28 U.S.C. § 1332(a).

Following the status conference, Watts filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), alleging that subject matter jurisdiction was lacking on three grounds: (1) the amount in controversy did not satisfy the federal diversity jurisdictional requirement; (2) the Complaint did not plead the citizenship of the parties; and (3) the Court lacked jurisdiction to enter the Stipulated Judgment and Writ of Execution, as the matter had been dismissed. (Dkt. No. 40).

## II. DISCUSSION

### A. Legal Standard

Fed. R. Civ. P. 12(b)(1) provides that a party may assert the defense of lack of subject-matter jurisdiction by motion. Two types of challenges may be made under Fed. R. Civ. P. 12(b)(1)—"'either a facial or a factual attack.'" *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017) (quoting *Davis v. Wells Fargo,* 824 F.3d 333, 346 (3d Cir. 2016)). In arguing that the amount in controversy does not establish diversity jurisdiction and that Columbia did not plead the citizenship of the parties, Watts has brought a facial attack against the Complaint. (*Id.*).

When assessing facial challenges to jurisdiction, a court applies the same standard used in assessing a motion to dismiss under Rule 12(b)(6). *Id.* at 633 (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 299 n.1 (3d Cir. 2006) (observing that "the standard is the same when considering a facial attack under Rule 12(b)(1) or a motion to dismiss for failure to state a claim under Rule 12(b)(6)")). Accordingly, the Court will accept Columbia's "well-pleaded factual allegations as true and draw all reasonable inferences from those allegations in the Plaintiff['s] favor." *Id*. "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 105 (3d Cir. 2015).

Watts first asserts that Columbia has not pled diversity jurisdiction and therefore the action must be dismissed for failure to establish subject matter jurisdiction.

Title 28, Section 1332(a), which governs diversity jurisdiction, provides in pertinent part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States[.]

28 U.S.C. § 1332(a)(1). "As tribunals of limited jurisdiction, federal courts must determine whether the case before them properly invokes either federal-question jurisdiction or diversity jurisdiction. . . . [D]iversity jurisdiction requires parties to be, *inter alia,* 'citizens of different States,' and to fulfill an amount-in-controversy requirement." *Chadda v. Mullins*, 430 F. App'x 192, 193 (3d Cir. 2011) (quoting 28 U.S.C. § 1332(a)).

As noted by counsel for Nationstar at the status conference, the amount in controversy, as alleged in paragraph 4 of the Complaint, is $74,466.67. This amount is exclusive of the $191.94 in interest due and owing on that date. Given that diversity jurisdiction is determined on the date a complaint is filed, *Washington v. Hovensa LLC,* 652 F.3d 340, 344 (3d Cir. 2011), and that the $74,466.67 amount in controversy on that date was below the $75,000.00 diversity jurisdiction threshold, this Court did not have jurisdiction over the Complaint *ab initio.*

In addition, the Complaint does not allege the citizenship of either Columbia Home Loans, LLC or Watts. Under normal circumstances, a plaintiff would be given an opportunity to amend the complaint to include these allegations. *Wymard v. McCloskey & Co.*, 342 F.2d 495, 497 (3d Cir. 1965). However, such a resolution would be futile in this instance, since the amount in controversy does not exceed the $75,000 diversity jurisdiction threshold.

If a federal court lacks subject matter jurisdiction over an action, it must dismiss the action. *In re Orthopedic "Bone Screw" Prods. Liab. Litig.,* 132 F.3d 152, 155 (3d Cir. 1997) (citing *Bradgate Assocs. v. Fellows, Read & Assocs.*, 999 F.2d 745, 750-51 (3d Cir. 1993)). The case should have been dismissed, *sua sponte*, at its inception. As a consequence, the Court lacked jurisdiction to enter both the Stipulated Judgment and the Writ of Execution. *Maser v. Deeble*, 2017 WL 930795, at *7 (W.D. Pa. Mar. 9, 2017) (quoting *In re Establishment Inspection of Hern*

*Iron Works,* 881 F.2d 722, 726-27 (9th Cir. 1989) for proposition that any court order issued without jurisdiction is a nullity or "nothing at all").

Although the case was not dismissed at the outset based on the Complaint's jurisdictional infirmity, it was voluntarily dismissed upon motion by Columbia six months after the lawsuit was filed. The Court granted the Motion to Dismiss under "Rule 41." (Dkt. No. 13).[2] It is well-established that voluntary dismissal "deprives the district court of jurisdiction to decide the merits of the case." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008); *see also Franco v. Ct. Gen. Life Ins. Co.*, 2010 WL 2680193, at *2 (D.N.J. June 30, 2010) ("At the moment it is filed, the notice of dismissal extinguishes the action and, moreover, deprives the court of jurisdiction over any further proceedings in regard to the action.") (concerning Rule 41(a)(1)(A) dismissal); *Randall v. Bank One Nat'l Ass'n as Trustee (In re Randall)*, 358 B.R. 145, 167 (Bankr. E.D. Pa. 2006) (observing that the effect of a voluntary dismissal without prejudice "is to leave the parties in the same position as if the litigation had never been filed"); 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. 3d § 2367, at 559-61 (3d ed. 2008) ("After the dismissal, the action no longer is pending in the district court and no further proceedings in the action are proper.").

The voluntary dismissal serves as a second ground upon which the Court lacked jurisdiction over this case and, as a result, lacked jurisdiction to enter the Stipulated Judgment and Writ of Execution. Accordingly, once again, both the Stipulated Judgment and the Writ of Execution are nullities. *See Maser,* 2017 WL 930795, at *7.

---

[2] Under Rule 41(a), an action may be dismissed by a plaintiff without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. At the point the motion to dismiss was filed, Watts had filed neither an answer nor a motion for summary judgment, and thus the dismissal could have been effected without a motion and Court Order pursuant to Rule 41(a)(1)(A)(i).

**ORDER**

Based on the foregoing, it is hereby

**ORDERED** that Watts' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 40) is **GRANTED**; and it is further

**ORDERED** that Watts' Motion to Quash Writ of Execution (Dkt. No. 22); "Emergency Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4)-(5), and/or to Make Additional Findings Pursuant to Fed. R. Civ. P. 52(b)" (Dkt. No. 25); and "Emergency Motion to Stay Writ of Execution, Attachment and Marshal's Sale" (Dkt. No. 26) are **DENIED AS MOOT**.

**SO ORDERED**.

Date: August 11, 2017 _____/s/_____
WILMA A. LEWIS
Chief Judge